M’Girk, C. J.,
delivered the opinion of the Court.
This was an action of assumpsit brought by Mead against Crump for eight month’s worlc. This suit was commenced before a Justice of the Peace, where Mead had judgment. An appeal was taken to the Circuit Court. The plaintiff again had judgment. Thejudgment was rendered against Crump and his securities. They have appealed to this Court. It appears by the bill of exceptions that Mead worked for Crump in the year 1831, till July 1832, in clearing land and raising a crop of corn; that he then left Crump and went away. Crump then gave in evidence the following covenant, to wit: Articles of agreement made and entered into this 10th day of November, 1831, by and between Armstead Crump of the one part, and Joseph Mead of the other part. The said Crump doth obligate himself to find Joseph M. Mead twelve months, in the term of that time the said Mead is to clear land and crop with Crump, and Crump is to find every thing necessary to go on with the crop. Crump obliges himself to give the said Mead the third of the crop on the land he has now cleared, and the half of the crop on the ground that they clear and fence. The understanding is, the crop of corn that is raised on the place, every thing else excepted. Sealed, &c. Both sign the instrument. It was proved that Mead acknowledged that he was bound to Crump in a writing with regard to the work he was doing for Crump. Much other testimony was given relating to the matter, ■which we deem it unnecessary to state. None was given however which varied the ■matter with regard to the matter of the covenant and the work done under it. The appellant, Crump, then asked the Court to instruct the jury that if they believed the work which Mead did, was done under the covenant, then he could not recover in this action. The Court refused to give this instruction. The Court erred in refusing this instruction. The case of Clendennen v. Paulsel, decided at this term, decides the law to be that where a party has a covenant or sealed instrument in regard to the matter of the contract, he must rely on that, and cannot abandon his .contract or agreement at pleasure, and resort to assumpsit for work and labor generally. Here Mead was bound by covenant to work twelve months for a stipulated reward. He abandoned his employment without any default on the part of Crump, as far as we see. He cannot be permitted at his own will and pleasure to disregard .his contract for corn, and go for cash. .Many other instructions were refused which meed not now be noticed..
The judgment is .reversed, and the .cause remanded to the Circuit Court for further proceedings.